IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK SWAGERTY,

    Plaintiff,                No. CIV S-10-2157 GGH P

  vs.

STATE OF CALIFORNIA, et al.,

    Defendants.          <u>ORDER</u>

        /

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). No initial filing fee will be assessed at this time. 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2          The court is required to screen complaints brought by prisoners seeking relief
3   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
4   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
5   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
6   granted, or that seek monetary relief from a defendant who is immune from such relief.  28
7   U.S.C. § 1915A(b)(1),(2).

8          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
10  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
11  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
12  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
13  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14  Cir. 1989); Franklin, 745 F.2d at 1227.

15         A complaint must contain more than a "formulaic recitation of the elements of a
16  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
17  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
18  "The pleading must contain something more...than...a statement of facts that merely creates a
19  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
20  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
21  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
22  v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A
23  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
24  the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

25         In reviewing a complaint under this standard, the court must accept as true the
26  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff states that he was walking with his cane when he tripped over a faulty and damaged floor drain plate which caused him to fall and injure himself. Plaintiff seeks monetary damages due to the faulty drain. Plaintiff's complaint is dismissed with leave to amend as plaintiff's allegation does not state a cognizable claim under § 1983.

Plaintiff's sole allegation of a faulty drain does not rise to the level of an Eighth Amendment violation.

"Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000), citing, inter alia, Farmer v. Brennan, 511 U.S. at 832, 114 S. Ct. 1970; Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982). However,

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. at 837, 114 S. Ct. 1970.

In order to state a claim under § 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the complained of act was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms

1 how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless
2 there is some affirmative link or connection between a defendant's actions and the claimed
3 deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633 F.2d
4 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore,
5 vague and conclusory allegations of official participation in civil rights violations are not
6 sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

7       In addition, plaintiff is informed that the court cannot refer to a prior pleading in
8 order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an
9 amended complaint be complete in itself without reference to any prior pleading. This is
10 because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v.
11 Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original
12 pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an
13 original complaint, each claim and the involvement of each defendant must be sufficiently
14 alleged.

15       In accordance with the above, IT IS HEREBY ORDERED that:

16       1. Plaintiff's motion for an extension to file his in forma pauperis application
17 (Doc. 8) is granted and the application is deemed timely filed;

18       2. Plaintiff's request for leave to proceed in forma pauperis is granted.

19       3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
20 Plaintiff is not assessed an initial partial filing fee. All fees shall be collected and paid in
21 accordance with this court's order to the Director of the California Department of Corrections
22 and Rehabilitation filed concurrently herewith.

23 \\\\\
24 \\\\\
25 \\\\\
26 \\\\\

4. Plaintiff's complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this Order. Failure to file an amended complaint will result in this action being dismissed.

DATED: October 8, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:AB
swag2157.b