IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK SWAGERTY,

     Plaintiff,                        No. CIV S-10-2157 GGH P

     vs.

STATE OF CALIFORNIA, et al.,

     Defendants.               ORDER

_____/

         Plaintiff is a state prisoner proceeding pro se and in forma pauperis. He seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

         The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

         A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Id.</u>, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff's original complaint stated that he was walking with his cane when he tripped over a faulty and damaged floor drain plate which caused him to fall and injure himself. The court dismissed the complaint with leave to amend as plaintiff's allegation did not rise to the level of an Eighth Amendment violation.

Plaintiff's amended complaint repeats the slip and fall allegation and then contends medical staff were deliberately indifferent to his serious medical needs as a result of the fall, while first housed at Deuel Vocational Institution (DVI) and then Avenal State Prison

(ASP). Plaintiff alleges that Dr. Palagumni at DVI entered plaintiff into physical therapy which caused further pain and suffering, which Dr. Palagumni should have known would happen. Plaintiff also states that Dr. Palagumni discontinued plaintiff's medications for acute nerve damage which caused pain and suffering, however, plaintiff provides no more details.

The following details are not entirely clear from the amended complaint. On April 26, 2010, plaintiff was issued a 30 day cane chrono. On May 26, 2010, plaintiff states he was reissued and granted ADA status; the undersigned is not sure if this includes a cane. On May 28, 2010, plaintiff was seen by Physicians Assistant (PA) Street at DVI who allegedly took plaintiff's cane away and discontinued the ADA status granted two days prior.

On June 18, 2010, plaintiff was transferred to ASP. On June 30, 2010, plaintiff states his cane was taken away at ASP as a result of the actions of PA Street from DVI, discussed above.[1] However, this would mean that plaintiff was then reissued a cane at some point after PA Street allegedly took his cane on May 28, 2010. However, plaintiff's complaint does not describe how or when or by whom he was given the cane that was taken at ASP.

On July 1, 2010, staff at ASP submitted an order for plaintiff to have a cane. On July 2, 2010, plaintiff, who did not have a cane as he was waiting for the order to process, fell down and injured himself. Also at ASP, plaintiff was forced to work in the yard and injured himself on August 29, 2010. Plaintiff attributes all the injuries he suffered at ASP to Dr. Palagumni and PA Street and their actions while plaintiff was at DVI.

Plaintiff's amended complaint is dismissed and plaintiff will be granted 28 days to file a second amended complaint. Plaintiff's allegation regarding the slip and fall are dismissed for the same reasons discussed in the prior screening order. Plaintiff's allegations regarding the medical care he received fail to demonstrate an Eighth Amendment claim even at the early stage of screening. Plaintiff must describe in detail the actions of the defendants and how their

---

[1] Plaintiff does not identify who at ASP took his cane.

conduct was deliberately indifferent to his serious medical needs.  Nor has plaintiff stated any claim that would be a violation of the ADA.  With respect to the allegations that plaintiff's cane was taken away which caused him to fall on July 1, 2010, plaintiff must provide a more coherent time line on when he had a cane and when he did not as discussed above.

In order to state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Indications that a prisoner has a serious need for medical treatment are the following:  the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835.  However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37.  Neither is it sufficient that a reasonable person would

4

1  have known of the risk or that a defendant should have known of the risk. Id. at 842.

2  It is nothing less than recklessness in the criminal sense-subjective
3  standard-disregard of a risk of harm of which the actor is actually aware. Id. at 838-842. "[T]he
4  official must both be aware of facts from which the inference could be drawn that a substantial
5  risk of serious harm exists, and he must also draw the inference." Id. at 837. Thus, a defendant
6  is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk
7  by failing to take reasonable measures to abate it." Id. at 847. "[I]t is enough that the official
8  acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842. If
9  the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42.
10 However, obviousness per se will not impart knowledge as a matter of law.

11  The Civil Rights Act under which this action was filed provides as follows:

12  Every person who, under color of [state law] . . . subjects, or causes
    to be subjected, any citizen of the United States . . . to the
13  deprivation of any rights, privileges, or immunities secured by the
    Constitution . . . shall be liable to the party injured in an action at
14  law, suit in equity, or other proper proceeding for redress.

15 42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
16 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
17 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
18 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
19 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
20 omits to perform an act which he is legally required to do that causes the deprivation of which
21 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

22  Moreover, supervisory personnel are generally not liable under § 1983 for the
23 actions of their employees under a theory of respondeat superior and, therefore, when a named
24 defendant holds a supervisorial position, the causal link between him and the claimed
25 constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862
26 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Title II of the ADA "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir.2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 118 S.Ct. 1952, 1955, 141 L.Ed.2d 215 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir.1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir.1996).

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's amended complaint is dismissed for the reasons discussed above, with leave to file a second amended complaint within twenty-eight days from the date of service of this Order. Failure to file a second amended complaint will result in a recommendation that this action be dismissed

DATED: December 1, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:AB
swag2157.amnd